# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IMPLICIT, LLC, § <br>     *Plaintiff,* § <br> v. § <br> § <br> WAYFAIR INC. and WAYFAIR LLC, § <br>     *Defendants.* § <br> § <br> § | Civil Action No. 4:22-cv-00940 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Wayfair's Motion to Dismiss (Dkt. #13). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

## BACKGROUND

This is a suit brought by Implicit, LLC ("Implicit") against Wayfair Inc. and Wayfair LLC ("Wayfair") (Dkt. #1 ¶ 1) for infringement of the U.S. Patent No. 8,856,185 ("the '185 patent"). Implicit alleges that Wayfair's use of Wayfair's website, specifically the e-commerce platform and the computer systems therein, infringes one or more claims of the '185 patent (Dkt. #1 ¶ 21).

On May 3, 2023, Wayfair moved under Federal Rule of Civil Procedure 12(b)(6) that the '185 patent does not claim a patentable invention under 35 U.S.C. § 101 (Dkt. #13). On June 7, 2023, Implicit responded (Dkt. #19). On June 12, 2023, Wayfair replied (Dkt. #21). On June 20, 2023, Implicit filed its sur-reply (Dkt. #23).

## LEGAL STANDARD

### I.     Rule 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P.

8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts

to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## II.    Patent Eligibility

"Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court has "long held that this provision contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013)). Monopolization of these "basic tools of scientific and technological work" through the grant of a patent "might tend to impede innovation more than it would tend to promote it, thereby thwarting the primary object of the patent laws." *Id.* (first quoting *Myriad*, 569 U.S. at 589; and then quoting *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66, 85 (2012)).

The Supreme Court has set forth a framework for determining patent eligibility. *Id.* at 217. First, the court determines whether the claims at issue are directed towards one of the three patent-ineligible concepts. *Id.* If so, then the court then asks "[w]hat else is there in the claims before us?" *Id.* (alteration in original) (quoting *Mayo*, 566 U.S. at 78). In answering the second question, the

court considers "the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application." *Id.* The second step can be characterized as a search for an "inventive concept"— "an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* (alteration in original) (quoting *Mayo*, 566 U.S. at 72).

## ANALYSIS

After reviewing the current complaint, the motion to dismiss, the response, the reply, and the sur-reply, the Court finds that the Plaintiff has stated a plausible claim for purposes of defeating a Rule 12(b)(6) motion to dismiss.

## CONCLUSION

It is therefore **ORDERED** that Wayfair's Motion to Dismiss (Dkt. #13) is hereby **DENIED**.

**IT IS SO ORDERED.**
SIGNED this 20th day of August, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE